**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MANUEL BONILLA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 11-CV-779-GKF-PJC |
| ) | |
| **U.S. BUREAU OF ALCOHOL, TOBACCO,** ) | |
| **AND FIREARMS; U.S. ATTORNEY'S** ) | |
| **OFFICE FOR THE NORTHERN DISTRICT** ) | |
| **OF OKLAHOMA; AUSA ALLEN J.** ) | |
| **LITCHFIELD; ATF AGENT CRUISK** ) | |
| **SHANK SCOTT; REPUBLIC GOVERNMENT** ) | |
| **OF MEXICO, MEXICAN MILITARY** ) | |
| **DIVISION; JANE DOE; JOHN DOE; et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

On December 15, 2011, Plaintiff Manuel Bonilla ("Bonilla"), a federal prisoner appearing *pro se*, filed a civil complaint (Dkt. # 1), a motion to proceed *in forma pauperis* (Dkt. # 2), and a motion for appointment of counsel (Dkt. # 3). Plaintiff asserts jurisdiction pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See Dkt. # 1 at 2. By Order filed December 16, 2011 (Dkt. # 4), the Court granted the motion to proceed *in forma pauperis*, directed Plaintiff to pay an initial partial filing fee, and denied the motion for appointment of counsel. On January 5, 2012, Plaintiff paid the initial partial filing fee. For the reasons discussed below, the Court finds this complaint shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**A. Background**

Bonilla alleges that on October 10, 2009, he was "illegally abducted" from his home in Mexico to face criminal charges in this District Court.[1] See Dkt. # 1. Based on that allegation, he claims that Defendants' actions (1) violated his constitutional rights and civil rights, and (2) violated the extradition treaty between the United States and Mexico. Id. In his request for relief, Plaintiff asks for "immediate removal from the United States, to be returned to Mexico, and appropriate compensation for both my pain and suffering, as well as my family, whom [sic] witnessed my illegal abduction." See id. For the reasons discussed below, the Court finds Plaintiff's complaint shall be dismissed with prejudice. His claims are barred by sovereign immunity, jurisdictional immunity, prosecutorial immunity, and/or the statute of limitations.

**B. Complaint shall be dismissed**

    **1.    Standard for dismissal**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C.

---

[1] The Court's records reflect that Bonilla is in custody pursuant to a judgment filed July 6, 2010, in N.D. Okla. Case No. 08-CR-051-CVE. In that case, Bonilla pleaded guilty to one count of participating in a continuing criminal enterprise; one count of participating in a conspiracy to possess and distribute cocaine, marijuana and methamphetamine; and one count of money laundering. As part of his plea agreement, he knowingly and voluntarily waived his right to appeal his conviction and sentence. On July 1, 2010, he was sentenced to a total of 293 months imprisonment. He appealed his convictions to the Tenth Circuit Court of Appeals. On September 9, 2010, the Tenth Circuit enforced the appeal waiver and dismissed the appeal. Bonilla has also filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. That motion is presently pending. The Court takes judicial notice that prior to the sentencing hearing held in N.D. Okla. Case No. 08-CR-051-CVE, the Court entered an Opinion and Order, see N.D. Okla. Case No. 08-CR-051-CVE, Dkt. # 593, rejecting Plaintiff's claim that he should have been allowed to withdraw his guilty plea based on his allegation that his forcible abduction violated the extradition treaty between the United States and Mexico.

§ 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See § 1915A(b)(1),(2). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### 2. Sovereign immunity bars claims against federal agencies and federal defendants in their official capacity

Plaintiff's claims for damages against the United States Bureau of Alcohol, Tobacco and Firearms and the Office of the United States Attorney for the Northern District of Oklahoma, the two federal agencies named as defendants, shall be summarily dismissed. See Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 483-86 (1994) (Bivens action may not be brought against federal agencies as such actions are barred by sovereign immunity). Likewise, Plaintiff's claims for damages against the individual federal defendants sued in their official capacity shall be summarily dismissed from the complaint. See Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001) ("There is no such animal as a Bivens suit against a public official tortfeaser in his or her official capacity."); Pleasant v. Lovell, 876 F.2d 787, 793 (10th Cir. 1989). Plaintiff did not identify any waiver of sovereign immunity for the type of claims he asserted, and the Court knows of none.[2] Therefore, Plaintiff's claims against the United States Bureau of Alcohol, Tobacco, and Firearms; the U.S. Attorney's Office for the Northern District of Oklahoma; and the individual federal defendants sued in their official capacity are barred by sovereign immunity and shall be dismissed with prejudice on that basis.

---

[2]In Sosa v. Alvarez-Machain, 542 U.S. 692, 712 (2004), the Supreme Court considered the liability of the United States for an alien's arrest in Mexico by Mexican nationals, allegedly at the instigation of officials in the Drug Enforcement Agency, so that he could be transported across the border and lawfully arrested by federal officers. The Court refused to apply the "headquarters doctrine" and determined that "the [Federal Tort Claim Act's] foreign country exception bars all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred." Id.

### 3. Republic of Mexico appears to be entitled to immunity

The Republic of Mexico appears to be entitled to immunity from this Court's jurisdiction. See 28 U.S.C. § 1604 (providing that "a foreign state shall be immune from the jurisdiction of the courts of the United States . . ."). Plaintiff has not alleged and nothing in the complaint suggests that any exception is applicable to this case. Therefore, Plaintiff's claims against the "Republic Government of Mexico, Mexican Military" shall be dismissed with prejudice.

### 4. Prosecutorial immunity

Plaintiff complains of actions taken against him by Assistant United States Attorney Allen J. Litchfield and in his request for relief, Plaintiff asks for monetary damages. See Dkt. # 1. It is well established that "[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) (quoting Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9, 13 (1991))). The Supreme Court holds that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). The Court in Buckley established a dichotomy between the prosecutor's role as advocate for the State, which demands absolute immunity, and the prosecutor's performance of investigative functions, which warrants only qualified immunity. Id. at 273-74. In this case, Bonilla's allegations of wrongdoing arise from the prosecutor's preparation for the initiation of criminal proceedings against Bonilla. Therefore, Buckley dictates that the doctrine of absolute prosecutorial immunity bars Bonilla's damages claim against Assistant United States Attorney Litchfield. See Hunt v. Bennett, 17 F.3d 1263, 1267 (10th Cir. 1994).

### 5. Statute of limitations

As his first cause of action, Plaintiff alleges that his constitutional and civil rights were violated when Defendants conspired to arrange his illegal abduction from Mexico. The Court finds that to the extent any defendant is not entitled to absolute immunity, including the ATF agent in his individual capacity, Plaintiff's claim is barred by the two (2) year statute of limitations. "A Bivens action is subject to the limitation period for an action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues." Roberts v. Barreras, 484 F.3d 1236, 1238 (10th Cir. 2007). The Tenth Circuit Court of Appeals has stated that the appropriate period of limitations for § 1983 actions brought in the State of Oklahoma is two years, pursuant to Okla. Stat. Ann. tit. 12, § 95(3). Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988).

However, "[f]ederal law, not state law, controls the issue of when a federal cause of action accrues." Indus. Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994); see also Wallace v. Kato, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law"). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Indus. Constructors Corp., 15 F.3d at 969; Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991); Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980); Bireline v. Seagondollar, 567 F.2d 260, 263 (4th Cir. 1977); see also Harrison v. United States, 438 Fed. Appx. 665, 667-68 (10th Cir. 2011) (unpublished). "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."

6

Johnson, 925 F.2d at 1301; Singleton, 632 F.2d at 191; McCune v. City of Grand Rapids, 842 F.2d 903, 906 (6th Cir. 1988).

Plaintiff has known about his claims arising from the alleged illegal abduction since October 10, 2009, the day of the allegedly illegal abduction. His sole injury was the removal itself.[3] As a result, the limitations period began to run on October 10, 2009, when Bonilla's civil rights were allegedly violated by his abduction from Mexico. Thus, the limitations period for Bonilla's claim expired two (2) years later, or on October 10, 2011, more than two (2) months before he filed his complaint on December 15, 2011. Therefore, Plaintiff's first cause of action of the complaint is time-barred and shall be dismissed with prejudice.

    **6.    Claim of extradition treaty violation**

As his second cause of action, Plaintiff claims that he is entitled to relief under Bivens because Defendants violated the extradition treaty between the United States and Mexico when they illegally abducted him. Even if this claim is not barred by the statute of limitations applicable to Bivens claims, the Court finds Plaintiff's claim lacks merit. The United States Supreme Court has

---

[3] Even if the removal were unlawful, Plaintiff does not claim in his complaint that such illegality affected the validity of his prosecution and incarceration by federal authorities. See Frisbie v. Collins, 342 U.S. 519, 522 (1952) ("[T]he power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a forcible abduction." (internal quotation marks omitted)). In addition, although Plaintiff alleges that Defendants "conspired against me in arranging for my illegal abduction from my home in Mexico and conspired with the Mexican Military," see Dkt. # 1, he does not allege that the purpose of the conspiracy was to cause a malicious prosecution. Cf. Robinson v. Maruffi, 895 F.2d 649, 654–55 (10th Cir.1990) (rejecting statute of limitations defense against § 1983 claim alleging conspiracy to cause malicious prosecution). Furthermore, Bonilla fails to allege specific facts showing agreement and concerted action among the defendants. "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). Thus, even if Bonilla's claim that Defendants engaged in a conspiracy is not time barred, Bonilla has failed to state a claim upon which relief may be granted.

7

determined that the extradition treaty between the United States and Mexico does not expressly preclude abductions to obtain the presence of an individual in the United States. United States v. Alvarez-Machain, 504 U.S. 655 (1992) (concluding that district court's jurisdiction was unaffected by alleged violation of extradition treaty). Plaintiff's second cause of action is without merit.

**7. Request for "immediate removal" from the United States is improper in this action**

In addition to his request for damages, Plaintiff asks for "immediate removal from the United States, to be returned to Mexico." See Dkt.# 1. Because immediate removal from the United States would affect the length or duration of Plaintiff's confinement, the remedy Plaintiff seeks may only be provided by the habeas corpus statutes. Preisser v. Rodriguez, 411 U.S. 475, 487-490 (1973); Duncan v. Gunter, 15 F.3d 989 (10th Cir. 1994); Smith v. Maschner, 899 F.2d 940, 951 (10th Cir. 1990). Therefore, Plaintiff's request for "immediate removal" shall be dismissed.

**C. First "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's claims against the United States Bureau of Alcohol, Tobacco, and Firearms; the Office of the U.S. Attorney for the Northern District of Oklahoma; and any federal defendant in his official capacity are **dismissed with prejudice** as barred by sovereign immunity.

2. Plaintiff's claims against the "Republic Government of Mexico, Mexican Military Division" are **dismissed with prejudice** based on jurisdictional immunity.

3. Plaintiff's claims against Assistant U.S. Attorney Allen J. Litchfield are **dismissed with prejudice** as barred by absolute prosecutorial immunity.

4. Plaintiff's request for "immediate removal" from the United States is **dismissed**.

5. The complaint (Dkt. # 1) is **dismissed with prejudice** as barred by the two year statute of limitations applicable to <u>Bivens</u> claims brought in Oklahoma.

6. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

7. A separate judgment shall be entered in this matter.

DATED THIS 11th day of January, 2012.

*[signature]*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma